UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-24369-DIMITROULEAS/SANCHEZ

ENRIQUE RASPALL,

Plaintiff,

v.

AUTOMATIC DATA PROCESSING, INC.,

Defendant.
_________________________________________/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion for Involuntary Dismissal of Plaintiff's Complaint, *see* ECF No. 29.[1] After careful consideration of the motion, the record, and the applicable law, the undersigned **RESPECTFULLY RECOMMENDS** that Defendant's Motion for Involuntary Dismissal of Plaintiff's Complaint, ECF No. 29, be **GRANTED IN PART AND DENIED IN PART**, and that Plaintiff's Complaint, ECF No. 1, be **DISMISSED WITHOUT PREJUDICE**.

## I. BACKGROUND

On September 23, 2025, Plaintiff filed a complaint against Defendant asserting discrimination and retaliation claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, and the Florida Civil Rights Act. ECF No. 1. On December 30, 2025, Defendant requested Plaintiff's deposition availability and served Plaintiff with Defendant's First Set of Interrogatories and First Request for Production of Documents. ECF No. 29 at ¶ 2; *see also* ECF No. 25 at ¶ 2; ECF No. 25-1. Despite multiple extensions requested by Plaintiff's counsel, Plaintiff

[1] The Honorable William P. Dimitrouleas referred this case to the undersigned "for a ruling on all non-dispositive matters and for a Report and Recommendation on any dispositive matter." ECF No. 30.

failed to provide his availability and failed to respond to Defendant's discovery requests. *See* ECF No. 29 at ¶ 3; *see also* ECF No. 25 at ¶¶ 3-4.

While Plaintiff's overdue discovery responses were still outstanding, the Court allowed Plaintiff's attorney to withdraw from this case on March 23, 2026. ECF No. 22. At that time, the Court cautioned Plaintiff, who was now proceeding *pro se*, that "[a] *pro se* litigant must follow the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida" and that "[f]ailure to follow these rules may result in . . . *sanctions*," ECF No. 23 at ¶ 5 (emphasis added).

Thereafter, Defendant's counsel followed up with Plaintiff—seven times via email (on March 23, 27, and 31, and April 1, 6, 9, and 13, 2026) and twice through voicemails left for Plaintiff (on April 9 and 13, 2026)—regarding Plaintiff's outstanding and long overdue discovery responses and Plaintiff's deposition availability. *See* ECF No. 25 at ¶ 6; *see also* ECF No. 25-2. Plaintiff did not respond to any of those communications. ECF No. 25 at ¶ 6.

On April 14, 2026, Defendant moved to compel Plaintiff to provide both his overdue discovery responses and his availability for deposition. *See* ECF No. 25. Plaintiff neither opposed nor responded in any fashion to Defendant's motion to compel, ECF No. 26 at 2, and on May 12, 2026, the undersigned ordered Plaintiff to serve his long overdue discovery responses and his Rule 26(a) initial disclosures by May 27, 2026. *Id.* at 4. Plaintiff, however, did not comply with the Court's May 12 Order and did not serve Defendant with his Fed. R. Civ. P. 26(a) initial disclosures or his overdue discovery responses. *See* ECF No. 29 at ¶ 10; *see also* ECF No. 32 at ¶ 11.

Defense counsel nonetheless "continued her attempts to confer with Plaintiff" regarding his availability for deposition and the attorneys' fees granted in connection with Defendant's motion to compel, but Plaintiff did not respond to any of defense counsel's efforts to communicate by phone or email. *See* ECF No. 29 at ¶¶ 8-9; ECF No. 31-1; *see also* ECF No. 32 at ¶ 11. Accordingly, on May 28, 2026, Defendant moved for dismissal under Fed. R. Civ. P. 37(b)(2)(A) and 41(b) "[b]ecause Plaintiff has not responded to any contact efforts by Defendant's counsel

since March 23, 2026" (the date on which Plaintiff began proceeding *pro se* following his former counsel's withdrawal), "has not abided by the Court-ordered deadlines," and "has not in any way indicated his interest in further pursuing this action." ECF No. 29. Defendant thereafter supplemented its motion to dismiss on July 1, 2026 by informing the Court that Plaintiff had additionally failed to appear at his duly-noticed deposition scheduled for earlier that day. ECF Nos. 31, 31-1 (emails noticing deposition), 31-2 (certificate of non-appearance at deposition).

To date, Plaintiff has not responded to Defendant's motion to dismiss.[2] Indeed, since Plaintiff's counsel was permitted to withdraw from this case on March 23, 2026, Plaintiff has not responded to any of Defendant's motions or filings and has filed nothing whatsoever in this case.

## II. LEGAL STANDARD

Defendant seeks dismissal with prejudice of Plaintiff's claims under Fed. R. Civ. P. 37(b)(2)(A), Fed. R. Civ. P. 37(d), and Fed. R. Civ. P. 41(b).[3] *See* ECF No. 29, 31. "Courts may dismiss a party's claims pursuant to Fed. R. Civ. P. 37(b)(2)(A), Fed. R. Civ. P. 37(d), Fed. R. Civ. P. 41(b), and the Court's inherent authority to manage its docket" in situations such as those present in this case where a party fails to comply with court orders regarding discovery, fails to appear at properly noticed depositions, and generally fails to prosecute its case. *Anderson v. J & L Cable TV Servs., Inc.*, No. 20-CV-60271, 2021 WL 3193167, at *1 (S.D. Fla. June 7, 2021), *report and recommendation adopted*, 2021 WL 3190855 (S.D. Fla. July 28, 2021).

---

[2] "Pursuant to Local Rule 7.1(c), failure to file a memorandum in opposition to a motion 'may be deemed sufficient cause for granting the motion by default.'" *Sanchez v. ABC Pro. Tree Servs., Inc.*, No. 21-14223-CIV, 2022 WL 814098, at *2 (S.D. Fla. Mar. 17, 2022) (quoting S.D. Fla. L.R. 7.1(c)).

[3] Although Defendant has not specifically cited Fed. R. Civ. P. 37(d), Defendant has specifically requested "that the Court dismiss, with prejudice, this action due to Plaintiff's failure to appear at his properly noticed deposition," ECF No. 31 at 1, which is a request for dismissal pursuant to Fed. R. Civ. P. 37(d)(1)(A)(i), (3).

Fed. R. Civ. P. 37(b)(2) "gives district judges broad discretion to fashion appropriate sanctions for violation of discovery orders." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993). "Dismissal with prejudice is the most severe Rule 37 sanction and is not favored." *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993). Nonetheless, while "[v]iolation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal," *Malautea*, 987 F.2d at 1542, "dismissal may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault," *Phipps*, 8 F.3d at 790. Indeed, "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (citing *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir.1982), and *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1169 n. 8 (5th Cir.1980)). Moreover, "[i]f a *pro se* litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant." *Moon*, 863 F.2d at 837.

Similarly, under Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." However, dismissal with prejudice is warranted only if "the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (quoting *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1339 (11th Cir. 2005)); *see also Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (stating that "[d]ismissal of a case with prejudice [under Fed. R. Civ. P. 41(b)] is considered a sanction of last resort, applicable only in extreme circumstances." (citing *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983))).

## III. ANALYSIS

The record in this case establishes that Plaintiff has abandoned this case. *See, e.g.*, *Cirrincione v. Davey Tree Expert Co.*, No. 6:22-cv-1275-PGB-LHP, 2023 WL 11878621, at *1-2

(M.D. Fla. July 17, 2023) (finding *pro se* plaintiff had abandoned case where plaintiff "failed to timely respond to discovery, failed to timely respond to Defendant's motion to compel, failed to comply with the [court] order granting the motion to compel, and failed to respond to [Defendant's motion for involuntary dismissal]"), *report and recommendation adopted*, 2023 WL 11878626 (M.D. Fla. Aug. 4, 2023). Here, Plaintiff failed to respond to Defendant's discovery requests and then failed to respond to Defendant's motion to compel. When the undersigned thereafter ordered Plaintiff to respond to Defendant's overdue discovery requests and serve his Rule 26 disclosures by May 27, 2026, Plaintiff ignored that Order and did not provide the required discovery responses or initial disclosures. Plaintiff additionally failed to appear for his properly noticed deposition. The July 7, 2026 discovery cutoff in this case, *see* ECF No. 15 at 2, has now passed, but Plaintiff has refused to participate in discovery throughout the prescribed discovery period. Indeed, despite Defendant's counsel's repeated efforts to communicate with Plaintiff to address multiple discovery issues, Plaintiff has refused to respond to Defendant's communications. Moreover, since Plaintiff began proceeding *pro se* on March 23, 2026, Plaintiff has not responded to any of Defendant's efforts to conduct discovery or to address the attorneys' fees that were ordered by this Court, and Plaintiff has not filed anything before this Court, including responses to the Defendant's motions and filings seeking relief against Plaintiff. Given these circumstances, the only reasonable conclusion is that Plaintiff has willfully abandoned his lawsuit.

Plaintiff's willful abandonment of this case and his continuing willful failure to comply with his discovery obligations and with the Court's order requiring him to serve discovery responses on Defendant additionally demonstrate that no sanction short of dismissal would be adequate in this matter. Here, the undersigned previously granted Defendant's motion to compel, ordered Plaintiff to provide Defendant with his discovery responses, and awarded attorney's fees to Defendant in connection with its motion to compel, yet Plaintiff chose to ignore the Court's Order and did not provide the required discovery responses. Instead, Plaintiff continued to ignore

his discovery obligations and did not attend his properly noticed deposition. Although the Court had warned Plaintiff that he was required to follow the Federal Rules of Civil Procedure and the Court's Local Rules—and that the failure to do so could result in sanctions—Plaintiff has ignored the rules governing discovery and the rules requiring him to file responses to Defendant's motions. *See* ECF No. 23 at ¶ 5; *see also* Fed. R. Civ. P. 30, 33, 34; S.D. Fla. L.R. 7.1(c)(1), 26.1(e). Indeed, he has not responded to Defendant's motion for involuntary dismissal and has instead chosen not to participate in any aspect of the litigation of this case.

Given Plaintiff's conduct throughout the six-month period during which he has been proceeding *pro se*, the undersigned finds that dismissal, albeit without prejudice, is warranted in this case and that no lesser sanction will suffice to address Plaintiff's conduct.[4] *See, e.g.*, *Smith v. Dometic Corp.*, No. 24-CV-61629, 2025 WL 4766730, at *1-2 (S.D. Fla. July 17, 2025) (dismissing complaint without prejudice "[g]iven [*pro se*] Plaintiff's pattern of repeatedly failing to participate in discovery, failure to attend mediation, and repeated failure to respond to Court orders"); *Cirrincione*, 2023 WL 11878621, at *3 (concluding that dismissal without prejudice for lack of prosecution, rather than a dismissal with prejudice, was appropriate where plaintiff appeared to have abandoned case and had failed to comply with order granting defendant's motion to compel); *J & L Cable TV Servs*, 2021 WL 3193167, at *2 (concluding that dismissal without prejudice was appropriate where plaintiff disregarded several court orders, failed to attend properly noticed deposition, failed to attend court-ordered mediation, and generally absented himself and failed to prosecute case). Accordingly, the undersigned recommends that Plaintiff's complaint be dismissed without prejudice.

[4] Although Defendant argues that "nothing short of dismissal with prejudice would be appropriate to correct Plaintiff's conduct," ECF No. 29 at 4, given that a dismissal with prejudice is a sanction of last resort reserved for extreme circumstances, the undersigned finds that a dismissal without prejudice is a sufficient sanction under the circumstances present in this case.

## IV. CONCLUSION

For these reasons, the undersigned **RESPECTFULLY RECOMMENDS** that Defendant's Motion for Involuntary Dismissal of Plaintiff's Complaint, ECF No. 29, be **GRANTED IN PART AND DENIED IN PART** and that Plaintiff's Complaint, ECF No. 1, be **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days from the date of this Report and Recommendation, that is, by October 1, 2026, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable William P. Dimitrouleas, United States District Judge. Failing to file timely objections will bar a de novo determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 17th day of September 2026.

EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Willaim P. Dimitrouleas

Enrique Raspall, *pro se*
5250 NW 84th Ave., Apt. 1802
Doral, FL 33166
Email: eraspall@gmail.com
(via U.S. Mail and E-Mail)

Counsel of Record